FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 17  PM 12: 58

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CATHERINE JOANN ELIZABETH                    CIVIL ACTION
HOUSTON

VERSUS                                       NUMBER: 05-3961

STATE OF LOUISIANA, ET AL.                   SECTION: "J"(5)

REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Catherine JoAnn Elizabeth Houston, against defendants, the State of Louisiana, the New Orleans Police Department ("NOPD"), the Conchetta Prison, Orleans Parish, Mrs. Wilson, Mrs. Tardy, Mrs. Joseph, the Special Investigation Division, Mr. Gipson, and an unidentified party. (Rec. doc. 1). Plaintiff, an inmate of the Orleans Parish Prison ("OPP") at the time that suit was filed, alleged that she had been subjected to the use of excessive force by members of NOPD and was thereafter denied needed medical attention and was harassed and intimidated while incarcerated. (Id.).

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____

On January 12, 2006, a copy of the Court's order allowing plaintiff to proceed in forma pauperis that was mailed to her at her address of record was returned to the Court as undeliverable. (Rec. doc. 14). On February 24, 2006, the State of Louisiana filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., and by order dated March 2, 2006, plaintiff was directed to file a response to the State's motion on or before March 31, 2006, following which the matter was to be taken under advisement. (Rec. docs. 15, 16). In light of the previous mail addressed to plaintiff that had been returned to the Court as undeliverable, plaintiff was then ordered to show cause, in writing and on or before April 10, 2006, as to why her lawsuit should not be dismissed for failing to keep the Court apprised of her current mailing address as required by Local Rule 11.1E. (Rec. doc. 17). Subsequently, the copy of the Court's March 2, 2006 order directing her to file a response to the State's motion to dismiss that had been mailed to her at her address of record was also returned as undeliverable. (Rec. doc. 18). The copy of the Court's show cause order that was mailed to plaintiff at OPP was also returned as undeliverable on March 29, 2006 with the following notation: "R/O 8/27/05". (Rec. doc. 19).[1]/ As of today's date, plaintiff has failed to respond to the State's motion to dismiss as ordered by the Court, has failed to respond to the

---

[1]/ In jail parlance, the abbreviation "R/O" refers to an imnate being released, or "rolled out", from prison.

Court's show cause order, and has failed to satisfy her continuing obligation to apprise the Court of her current mailing address as required by Local Rule 11.1E.

Local Rule 11.1E provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change." Local Rule 41.3.1E further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." The foregoing Rules impose an affirmative obligation on parties to keep the court apprised of their current mailing addresses and relieves court personnel of that burden. The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." Perkins v. King, 759 F.2d 19 (5th Cir. 1985)(table).  Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order, Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978), including an order directing a plaintiff to file a response

to a defendant's dispositive motion. <u>Martinez v. Johnson</u>, 104 F.3d
769, 772 (5th Cir.), <u>cert</u>. <u>denied</u>, 522 U.S. 875, 118 S.Ct. 195
(1997).

As noted above, plaintiff has failed to keep the Court
apprised of her current mailing address as required by Local Rule
11.1E. Plaintiff acknowledged her obligation in that regard when
she signed her complaint, the twelfth page of which states that "I
understand that if I am released or transferred, it is my
responsibility to keep the Court informed of my whereabouts and
failure to do so may result in this action being dismissed with
prejudice." (Rec. doc. 1, p. 12). Plaintiff has also failed to
respond to defendant's motion to dismiss as ordered by the Court as
well as the Court's show cause order. The Court must therefore
assume that plaintiff has no further interest in prosecuting this
case. As plaintiff is proceeding <u>pro se</u> in this matter, these
failures are attributable to her alone.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's
suit be dismissed for failure to prosecute pursuant to Local Rule
41.3.1E and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed
findings, conclusions, and recommendation contained in a magistrate
judge's report and recommendation within 10 days after being served
with a copy shall bar that party, except upon grounds of plain

4

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this _12_ day of _April_____,
2006.

_____
UNITED STATES MAGISTRATE JUDGE